Mattbice H. Matzkih", M.
The defendants are charged with violating the provisions of subdivision b of section 82d7-15.0 of the Administrative Code of the City of New York in that they ‘ did unlawfully park motor vehicles between the building line and the curb line for the purpose of storage, display and sale of said vehicles ’ ’.
At the trial it was stipulated that the Silverman case be tried and that the testimony of that case be binding on the defendant Young.
The facts adduced at this trial, briefly, are as follows: Four motor vehicles were parked outside premises of the defendant Silverman at 1524 Bushwick Avenue and two cars were parked outside premises of the defendant Young at 1520 Bushwick Avenue, both Brooklyn. The defendants are auto dealers. Said cars occupied about 16 feet of the paved surface, at right angles immediately adjacent to the defendant’s store front, between the building and the curb, within the area which was formerly courtyard. The distance from the curb to the store front is 39 feet. The curb in front of the premises 1520 was cut but there was no cut in the curb in front of the adjacent premises 1524. The dimensions of the roadway, sidewalk and space formerly courtyard at the portion of Bushwick Avenue on which are located the defendant’s premises, are 120 feet, subdivided into a vehicular roadway of 42 feet, and an area made up of 19 feet of sidewalk and 20 feet of space which was formerly courtyard, making a total of 39 feet on each side. The 20-foot courtyard area was "established by the provisions of chapter 228 of the Laws of 1863 which provided (§1) that “ twenty feet of each side of said [Bushwick] avenue, between Wall street and the city line shall be set apart and used for court yards only.” It is this courtyard area which was subsequently repealed.
By virtue of chapter 396 of the Laws of 1909, and Resolution No. 21 of the Board of Estimate and Apportionment, adopted on September 20, 1918, the jurisdiction of Bushwick Avenue was assigned to the Park Department of the City of New York.
By virtue of chapter 929 of the Laws of 1937 (an act to provide an Administrative Code for the City of New York in harmony with and supplemental to the New York City Charter), the jurisdiction of Bushwick Avenue was turned over to the Borough President on January 1,1938.
It was during the period that the jurisdiction of Bushwick Avenue was assigned to the Park Department of the City- of *160 New York that the prescription of the 20-foot courtyard was repealed.
Subdivision b of section 82d7-15.0 of the Administrative Code provides that “ It shall be unlawful for any person, directly or indirectly, to use any portion of a sidewalk or courtyard, established by law, between the building line and the curb line for the parking, storage, display or sale of motor vehicles.” This section took effect January 1, 1938, and was a modification of the section of the Code of Ordinances in existence at the time the Administrative Code was adopted.
The question here is whether the defendant violated the law by parking in the space which was formerly courtyard.
The briefs of the People and the defendant, and the court’s personal search discloses no decision or opinion under the pertinent subdivision of this section. The case here is one of novel impression. The court has been compelled to go afield to find law germane to the issue.
In the case of Matter of City of New York (Lafayette Ave.) (118 Misc. 161,164 [1922]) the court stated: ‘ ‘ The term ‘ courtyard ’ is a corrupted form of ‘ curtilage ’ and means the same thing [citing cases] and the definition of that word clearly indicates that it designated a space of land about a dwelling house which not only might be inclosed, but within which appurtenant buildings and structures might be erected [citing cases].”
In offenses against the habitation, a dwelling house at common law ‘ not only included the premises actually used as such, but also such out buildings as were within the curtilage or court yard surrounding the house ”. (Perkins, Criminal Law [1957], ch. 3, entitled ‘ ‘ Offenses against the Habitation ”, § 1, subd. C, par. 2, on “ Buildings within the Curtilage, ” p. 160.)
This is cited only to indicate the propinquity, in law, between the courtyard and the building.
Magistrate Pinto, in the unreported case of People on Complaint of Abraham Cohen v. John R. Schmacke (10th Dist. Magistrates’ Ct., Brooklyn, April 18, 1940) at page 24 of stenographer’s minutes, after expressing the thought that a sidewalk is a condition, said: “ Isn’t the question here not what the condition is there, but whether it was established by law? ” So, too, the question in the Silverman case is not whether the entire 39-foot area between the defendant’s premises and the curb was sidewalk because it was paved, but whether or not it was sidewalk or courtyard established by law.
It is incumbent upon the People to prove that the vehicles were on a sidewalk, established by law, or on a courtyard, established by law, and that the said sidewalk or courtyard is between the building line and the curb line.
*161 Since the testimony shows that the sidewalk area was 19 feet and the space formerly courtyard area was 20 feet, and in the light of the testimony that the distance from the store front to the curb was 39 feet, and inasmuch as the testimony indicates that the cars were parked at right angles immediately adjacent to the store front and extending about 16 feet therefrom, it would appear that the parking was not on existing courtyard in view of the fact that courtyards were abolished. It is equally questionable that the parking was on sidewalk area since the sidewalk extends only 19 feet from the curbline and the parking was well beyond the 19 feet.
Were this a civil action in condemnation the burden of proof of ownership would be upon the owner. In an action of a criminal nature the burden of proof is upon the People.
The present use of the area for parking apparently has been unchallenged for a number of years.
The court is not satisfied that this space has become sidewalk to the exclusion of the defendant’s rights.
The peculiar nature of courtyards is discussed in Matter of City of New York (Lafayette Ave.) (118 Misc. 161), previously cited. This case appears to be authority for the fact that abutting property owners have some interest in courtyard spaces and are even entitled to damages for being deprived of the courtyard space. At page 165 the court said: “ The rights of the abutting owners are in no way dependent upon ownership of the fee of the street. They rest upon the statute of 1852 and constitute easements which pass as appurtenances upon a conveyance of the premises to which they are appurtenant [citing cases]. ’ ’
I am not entirely satisfied that with the abolition of the courtyard the space has become sidewalk. Too, the rights of abutting owners to the courtyard must be considered. I am not prepared to say, from the record in this case, that the abutting property owner has no interest in this space. The opposite seems to be true from the very nature of the courtyard space, in which, during its existence, the property owner has an easement.
In Barker v. Namm & Son (244 App. Div. 483, affd. 269 N. Y. 540) the court stated that from the time the courtyard spaces were created there was nothing to prevent the public from walking thereon, and this was not in derogation of the rights of the grantees or adverse thereto.
In the event of conviction, even if a nominal fine were to be imposed, such action might be in derogation of a property right vested in the defendant.
*162 A review of the evidence discloses an absence of valid proof as to the exact location of the building line established by law. ’ ’ It also leaves in doubt the question as to whether or not the area in front of the defendant’s premises upon which the cars were parked was sidewalk or courtyard established by law between the building line and the curbline.”
Accordingly, the defendant’s motion to dismiss the complaint on the ground that the defendant’s guilt has not been proven beyond a reasonable doubt is granted. Since the offense at issue is of a continuing* nature, the question of the violation can be tested in a subsequent action upon the presentation of the requisite proof.
It was stipulated on the trial that the evidence adduced in the Silverman case, insofar as applicable, shall be the testimony in the Young ease, and that whatever decision was rendered in the case against Silverman shall be the decision in the Young case.
Accordingly, both actions are dismissed.